# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

AK INDUSTRIAL HEMP ASSOCIATION, INC., *et al.*,

        Plaintiffs,

   v.

ALASKA DEPARTMENT OF NATURAL RESOURCES, *et al.*,

        Defendants.

Case No. 3:23-cv-00253-SLG

**ORDER RE PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER OR IN THE ALTERNATIVE PRELIMINARY INJUNCTION**

Before the Court at Docket 5 is *Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion for Temporary Restraining Order or in the Alternative Preliminary Injunction*. Plaintiffs seek to enjoin the enforcement of regulations recently adopted by the Division of Agriculture of the Alaska Department of Natural Resources regarding the regulation of hemp products for human and animal consumption. Plaintiffs initiated this action on November 2, 2023; to date, they have not filed proof that Defendants have been served with their complaint, a summons, motions and other filings in accordance with Rule 4, Federal Rules of Civil Procedure.

Expedited consideration of the motion for preliminary injunctive relief is

denied, as Plaintiffs have not clearly demonstrated that they will suffer irreparable injury if preliminary injunctive relief is not immediately granted before the State Defendants are accorded an opportunity to be heard on the motion for preliminary injunctive relief. *See* Local Civil Rule 7.3(a).[1]  Nor have Plaintiffs shown that they will be irreparably harmed in the next few weeks unless the State is ordered to immediately respond to Plaintiffs' filings.  Rather, the Court will apply the standard briefing schedule, such that the State's response to the motion for preliminary injunctive relief will be due two weeks after State Defendants have been served in accordance with Rule 4, Federal Rules of Civil Procedure.

The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[2]  Thus, a plaintiff "must demonstrate that in the absence of a preliminary injunction, 'the [plaintiff] is likely to suffer irreparable harm before a decision on the merits can be rendered.'"[3]  "Speculative injury does not constitute irreparable injury . . . . [A] plaintiff must demonstrate immediate

---

[1] Nor does Plaintiffs' expedited motion explain any efforts to resolve this matter between the parties in the several weeks following the regulations' enactment in late September and their effective date of November 3, 2023.  *Cf.* Local Civil Rule 7.3(a)(1)(A).

[2] *Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)* (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[3] *Id.* (quoting 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (2d ed. 1995)).

Case No. 3:23-cv-00253-SLG, *AK Hemp Industrial Assoc., Inc., et al. v. AK DNR, et al.*
Order re Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion for Temporary Restraining Order or in the Alternative Preliminary Injunction
Page 2 of 4

Case 3:23-cv-00253-SLG   Document 8   Filed 11/07/23   Page 2 of 4

threatened injury as a prerequisite to preliminary injunctive relief."[4] Moreover, "[t]here must be a 'sufficient causal connection' between the alleged irreparable harm and the activity to be enjoined," such as a "showing that 'the requested injunction would forestall' the irreparable harm."[5]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[6]

Plaintiffs' affidavits filed in support of their motion simply state that as hemp distributors, they are "uncertain and confused about the legal implications and consequences of continuing to possess and sell [hemp] inventory" under the new regulations.[7] Counsel for plaintiffs assert that "Alaska hemp business owners could possibly be facing criminal charges."[8] But Plaintiffs have not provided any evidence that law enforcement authorities have "communicated a specific warning

---

[4] *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis omitted) (first citing *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984); and then citing *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

[5] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 819 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981–82 (9th Cir. 2011)).

[6] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[7] *See, e.g.*, Docket 4-1 at paragraph 6.

[8] Docket 5 at 7.

Case No. 3:23-cv-00253-SLG, *AK Hemp Industrial Assoc., Inc., et al. v. AK DNR, et al.*
Order re Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion for Temporary Restraining Order or in the Alternative Preliminary Injunction
Page 3 of 4

Case 3:23-cv-00253-SLG   Document 8   Filed 11/07/23   Page 3 of 4

or threat to initiate proceedings" to Plaintiffs in the immediate future.[9]  In short, Plaintiffs have not demonstrated a likelihood of irreparable harm to them before the State Defendants have the opportunity to be heard on the motion for preliminary injunctive relief.

In light of the foregoing, the motion for expedited consideration at Docket 5 is DENIED.

DATED this 7th day of November, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] *Tingley v. Ferguson*, 47 F.4th 1055, 1067 (9th Cir. 2022) (quoting *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc)).

Case No. 3:23-cv-00253-SLG, *AK Hemp Industrial Assoc., Inc., et al. v. AK DNR, et al.*
Order re Plaintiffs' Motion for Expedited Consideration of Plaintiffs' Motion for Temporary Restraining Order or in the Alternative Preliminary Injunction
Page 4 of 4
Case 3:23-cv-00253-SLG   Document 8   Filed 11/07/23   Page 4 of 4